■ The People of the State of New York, Respondent, v Longino Gomez, Appellant.—Appeal unanimously held in abeyance from judgment, Supreme Court, New York County, entered September 9, 1976, convicting

defendant, upon his plea of guilty, of criminal sale of a controlled substance, third degree, and imposing a term of one year to life imprisonment. The case is remanded to the trial court for further proceedings in accordance with this memorandum. The facts are that defendant sold controlled substances to a police officer on October 16, 23 and 27, 1975, and an indictment was filed on November 1, 1975, accusing him of these sales. Another indictment was filed on February 27, 1976, alleging a sale of October 7, 1975. On June 17, 1976, the defendant pleaded guilty to criminal sale under the first indictment in satisfaction of both indictments and was sentenced to an indeterminate term of one year to life imprisonment. Defendant now argues that when he took the plea on June 17, 1976, neither he, the court, prosecutor, nor defense counsel was aware of an amendment, effective July 1, 1976, to CPL 220.10 (subd 5, par [b]) which might have permitted him to plead down to as low as a class C felony. CPL 220.60 is clear that the court has discretion at any time before sentence to permit withdrawal of a previously entered plea of guilty, and although the respondent argues persuasively that the change in the law had been so publicized as to put the legal community on notice of it, nowhere does the record show that this change was known to either court or defense. On approving chapter 480 of the Laws of 1976, Governor Carey pointed out (McKinney's Session Law News, No. 7 p A-356) that the A-III drug felony is the only criminal offense for which no lesser plea may be entered, despite the fact that limited plea bargaining was permitted in more serious drug offenses, and unlimited plea bargaining is available for all serious nondrug offenses. Passage of the bill was intended, obviously, to eliminate this inequity, and it would be in the interest of justice to permit the trial court to determine whether defendant should be afforded access to the benefits of this legislation. On the state of the record before us we are unable to determine whether or not the trial court exercised the discretion reposed in her by the amendment to the statute. We remand, therefore, for the specific exercise of such discretion to grant or deny an application by defendant to withdraw his plea under the circumstances outlined above. Concur—Birns, J. P., Evans, Lane and Markewich, JJ.